**us vNOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


                             :
KEVIN A. BRYANT,             :   Civil No.  05-4469 (JBS)
                             :
          Petitioner,        :
                             :
     v.                      :      O P I N I O N
                             :
LYNNE E. JENKINS, et al.,    :
                             :
          Respondents.       :
                             :
```

**APPEARANCES:**

    KEVIN A. BRYANT, Petitioner pro se
    #12764-007
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640

    CHRISTOPHER J. CHRISTIE, U.S. Attorney
    IRENE E. DOWDY, AUSA
    402 East State Street, Suite 430
    Trenton, New Jersey 08608
    Attorneys for Respondents

**SIMANDLE**, District Judge

    Petitioner Kevin A. Bryant, a federal prisoner currently confined at the Federal Correctional Institution ("F.C.I.") at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The named

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.

respondents are Lynne E. Jenkins, Case Analyst at F.C.I. Fort Dix,[2] and the U.S. Parole Commission ("USPC").  The respondents answered the petition on or about October 27, 2005.  Petitioner filed a motion for summary judgment on November 14, 2005, to which the respondents filed an opposition on December 1, 2005.  For the reasons stated herein, the Petition will be denied, and the motion for summary judgment dismissed as moot.

## I.   BACKGROUND

On July 30, 1993, petitioner, Kevin A. Bryant ("Bryant"), was sentenced by the District of Columbia Superior Court to a 30 to 90 month prison term on his conviction for attempted distribution of cocaine.  Bryant had been on mandatory release supervision at the time he committed the drug offense pursuant to an earlier conviction and sentence for forgery and possession with intent to distribute PCP.  While serving his 30-90 month prison sentence, Bryant escaped from custody in July 1995.  He was convicted and sentenced to a consecutive 4 to 12 month prison term pursuant to the escape charge.  (Respondents' Exhibit 1).

---

> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] The respondents have substituted the Warden of F.C.I. Fort Dix, John Nash, as the proper party respondent in place of respondent Jenkins.  In a habeas petition, the proper party respondent is the immediate custodian of petitioner, or the warden of the prison facility where petitioner is confined.  See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

The administrative record shows that Bryant was paroled on July 1, 1997.  The District of Columbia Board of Parole revoked Bryant's parole on August 4, 2000 on a charge of illegal drug use.  However, the Board ordered that petitioner be immediately re-paroled.  (Resp. Ex. 1).

Pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §1123(a)(1), 111 Stat. 712,745 (effective August 5, 1998); D.C. Code §24-131 (formerly 24-1231), Bryant was transferred to the custody/jurisdiction of the USPC for his parole.  On July 10, 2001, the USPC revoked Bryant's parole based on charges of possession with intent to distribute cocaine, possession of drug paraphernalia, and escape.  Bryant was re-paroled on December 15, 2003 to a consecutive non-parolable sentence, *i.e.*, a sentence of 6 months for escape as imposed by the D.C. Superior Court. (Resp. Ex. 1).  Bryant was to remain under parole supervision until January 11, 2007.  (Resp. Ex. 2).

On or about March 24, 2004, Bryant and a co-defendant were arrested in North Carolina by state authorities on charges of robbery with a dangerous weapon.  The incident had occurred in a hotel room on March 17, 2004.  The USPC was notified of Bryant's arrest and the charges against him.  A report was prepared by the Senior U.S. Probation Officer summarizing the police investigative reports.  The report also noted that Bryant had

admitted to the Probation Officer that he had been with the co-defendant on March 17, 2004; that he had accompanied the co-defendant to the hotel; and that he had stood outside the hotel room while the co-defendant entered the room.  However, Bryant denied participation in the robbery.  (Resp. Ex. 3).

The USPC issued a warrant against Bryant, charging him with violating his parole conditions on charges of (a) use of dangerous and habit-forming drugs and (b) robbery with a dangerous weapon.  (Resp. Exs. 4, 5).  A detainer was placed on Bryant while in state custody.  (Resp. Ex. 6).  On April 22, 2004, Bryant was arrested on the USPC's warrant after the state charges were dismissed.  It appears from the record that the charges had been dismissed because the victim/witness had failed to appear at the trial.  A preliminary interview with the USPC was conducted on April 30, 2004.  At the interview, Bryant admitted using cocaine while on parole.  He continued to deny his involvement in the robbery, stating that he had not been at the hotel on the date in question, and that he did not know the co-defendant.  (Resp. Ex. 7)(Summary Report of Preliminary Interview).

By letter to petitioner dated May 13, 2004, the USPC found probable cause to believe that Bryant had violated the conditions of his parole.  The USPC ordered a revocation hearing.  (Resp. Ex. 8).  The revocation hearing was held on June 28, 2004.  The

hearing examiner found by a preponderance of the evidence that Bryant had committed the robbery.  The hearing examiner relied on the following: (1) documentary evidence that Bryant had admitted to his Probation Officer that he was at the hotel when the robbery occurred; (2) Bryant's statement to the Probation Officer that he had observed the co-defendant enter and leave the victim's room; (3) the victim's statement to police identifying co-defendant (who was a woman) and stating that a black male had entered the room with the co-defendant with his hand in his pocket, implying that he had a gun, and demanded money; (4) the co-defendant's admission to the police that Bryant was the man who had entered the victim's room with her; and (5) Bryant's statements during the USPC preliminary interview that contradicted his earlier statements to the Probation Officer.  (Resp. Ex. 9).

The USPC found that Bryant had violated the conditions of his parole, and on July 15, 2004, revoked Bryant's parole.  Bryant was to receive no credit for the time spent on parole, and he is to serve to the expiration of his sentence.  (Resp. Ex. 10).  Bryant's projected release date is July 18, 2008.

II. <u>CLAIMS PRESENTED</u>

Bryant alleges that the USPC is collaterally estopped from revoking his parole based on the 2004 robbery charge because the robbery charge had been dismissed by the state. Petitioner also claims that revocation of parole based on the robbery charge violates his right against double jeopardy. The respondents assert that these claims are without merit, and that the petition should be denied accordingly.

III. <u>ANALYSIS</u>

A. <u>Collateral Estoppel Claim</u>

Bryant contends that, since the state robbery charge was dismissed, the Government is precluded from re-litigating this issue in a parole revocation hearing. Ths Court agrees with the respondents and finds no merit to petitioner's collateral estoppel claim.

A parole board may revoke parole on the basis of an offense that violates the conditions of parole even if the parolee is never criminally charged with the offense, or if he is acquitted or the charges are dismissed before trial. All that is required is the revocation be based on the board's independent, properly conducted procedures. <u>See</u> <u>Robinson v. Benson</u>, 570 F.2d 920 (10th Cir. 1978); <u>United States v. Chambers</u>, 429 F.2d 410, 411-12 (3d Cir. 1970). <u>See</u> <u>also</u> <u>Mullen v. U.S. Parole Commission</u>, 756 F.2d 74 (9th Cir. 1985)(dismissal of criminal charges based on lack of

prosecutorial merit does not bar the USPC's independent finding of a parole violation); U.S. ex rel Carrasquillo v. Thomas, 677 F.2d 225 (2d Cir. 1982)(dismissal of criminal charges does not bar parole revocation based on the same conduct); Standlee v. Rhay, 557 F.2d 1303, 1303-07 (9th Cir. 1977) (collateral estoppel does not bar parole revocation notwithstanding parolee's acquittal on criminal charges).[3]  "Ordinarily, probation may be revoked on the basis of conduct which falls short of criminal conduct."  Chambers, 429 F.2d at 411 (citing Burns v. United States, 287 U.S. 216 (1932)).

    Moreover, petitioner cannot support a claim for issue preclusion because his claim fails to satisfy the requisite criteria to invoke collateral estoppel.  As cited by Bryant, the Third Circuit, in Gregory v. Chehi, 843 F.2d 111, 121 (3d Cir. 1988), enumerated the four requirements for collateral estoppel as follows: (a) the identical issue was decided in the prior adjudication; (b) there was a final judgment on the merits; (c) the party against whom the estoppel is asserted must have been a party or in privity with the party in the prior adjudication; and (d) that party must have had a full and fair opportunity to

---

[3] In Standlee, the court noted that parole revocation is not part of a criminal prosecution.  557 F.2d at 1306 (citing Morrissey v. Brewer, 408 U.S. 471, 480 (1972)).  "Revocation of parole is remedial rather than punitive, since it seeks to protect the welfare of parolees and the safety of society."  Standlee, supra (citing Gagnon v. Scarpelli, 411 U.S. 778, 783-84 (1973); Morrissey, 408 U.S. at 477).

litigate the issue in question.  The respondents point out that there was no final judgment on the merits because the state court dismissed the charges on the ground that the victim failed to appear at court.  In addition, the USPC was not a party to the state prosecution and was not in privity with the State of North Carolina.  Consequently, the USPC did not have any opportunity to litigate the issues involved in that state prosecution.

Therefore, Bryant cannot support a claim of collateral estoppel, and his petition for habeas relief on this ground will be denied for lack of merit.

B.  <u>Double Jeopardy Claim</u>

Bryant also urges habeas relief on the ground that his parole revocation proceedings violated the Double Jeopardy Clause of the U.S. Constitution.  This claim likewise lacks merit.

As noted above, parole revocation is not part of a criminal prosecution, and is merely remedial and not punitive.  Thus, the Fifth Amendment guarantee against double jeopardy that bars multiple prosecutions for the same crime or conduct does not apply to bar parole revocation.  <u>Standlee</u>, 557 F.2d at 1305-06. <u>See</u> <u>also</u> <u>United States v. Hanahan</u>, 798 F.2d 187, 189-190 (7th Cir. 1986)(parole proceedings serve different ends than criminal prosecutions); <u>Garcia v. United States</u>, 769 F.2d 697, 700 (11th Cir. 1985)(double jeopardy does not apply to parole revocations); <u>Carrasquillo</u>, 677 F.2d at 22 ("the double jeopardy clause of the

fifth amendment does not bar use of [dismissed criminal] charges in a parole revocation proceeding").

Moreover, a dismissal of an indictment before trial, whether with or without prejudice, does not invoke the double jeopardy clause where it does not involve a determination of the underlying facts.  See Robinson v. United States, 516 U.S. 1023 (1995); United States v. Venable, 416 F. Supp.2d 64, 76 (D.D.C. 2006).  Here, Bryant's state criminal charges were dismissed because the victim/witness was not available and the state prosecutor declined to proceed.  Therefore, there was no determination on the merits of the underlying facts at issue related to the robbery charge, thus, jeopardy did not attach upon dismissal of the charges before trial.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be denied as without merit, and petitioner's motion for summary judgment is dismissed as moot.  An appropriate order follows.


                                        s/ Jerome B. Simandle
                                        JEROME B. SIMANDLE
                                        United States District Judge
Dated: **May 15, 2006**